UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| VINCENT PACE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:09CV709 CDP |
| HEALTHLINK, INC., | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This is Vincent Pace's second lawsuit stemming from the termination of his employment in October, 2006. Defendant, which refers to itself as "The WellPoint Companies, Inc. (incorrectly referred to by Plaintiff as Healthlink, Inc.)," seeks dismissal, arguing that Pace's claim for wrongful discharge is barred by res judicata and that he has failed to state a claim.[1] Defendant asserts that Healthlink did not employ Pace when he was terminated and that Pace has previously litigated this claim. For the reasons stated below, I find that Pace has improperly named Healthlink as a defendant and that his claim is barred by res judicata.

---

[1] Healthlink, Inc. is the named defendant in this case. However, all but one of defendant's filings have been submitted on behalf of both Healthlink and Wellpoint, or "for defendant The WellPoint Companies, Inc. (incorrectly referred to by Plaintiff as Healthlink, Inc.)."

Background

In a previous case before this Court, *Vincent Pace v. The Wellpoint Companies, Inc. d/b/a Healthlink*, 4:07CV1851 CDP (E.D.Mo. 2007), Pace brought suit against his employer, The Wellpoint Companies, Inc., for wrongful termination. Pace alleged that WellPoint had discriminated against him based on his disability– restless leg syndrome – and wrongfully discharged him. Pace alleged that he was ultimately constructively discharged on October 8, 2006. I dismissed that earlier case with prejudice after Pace failed to respond to a court order.

On March 24, 2009, Pace filed the present case against Healthlink in state court. In his complaint, Pace again based his claim on his October 2006 termination, however, now Pace claims that his employer was Healthlink, not Wellpoint, and that he was discharged for refusing to "alter, amend, correct and/or modify accounting information, [and] financial reporting information." He claims that his termination aggravated his previously existing restless leg syndrome and he seeks $90,000 in damages.

Beginning with its notice of removal, defendant has claimed that Pace improperly named Healthlink as a defendant and that Wellpoint was Pace's employer at the time of his termination. In response to my order requesting

supplemental briefing on the issue of jurisdiction, both defendant and Pace confirm that Wellpoint and Healthlink are separate corporations. Defendant provided W-2 forms, pay stubs, and affidavits showing that Wellpoint employed Pace from January 1, 2006 until the end of his employment in early October 2006. Before 2006, Pace had been employed by Healthlink, but after Healthlink and Wellpoint's parent companies merged in January 2006, Pace, as well as his supervisors, became solely the employees of Wellpoint. In his response, Pace provided no evidence to support his claim that he properly named Healthlink as the defendant in this case, nor did he actually claim that Healthlink was his employer at the time of his termination. Instead, Pace simply argued that this Court does not have jurisdiction to make that determination.

Defendant removed the present case to this Court based on diversity of citizenship between Pace and Wellpoint. Pace argues for a remand to state court based on the lack of diversity between Pace and Healthlink. Pace is a citizen of Missouri. Healthlink is an Illinois corporation with its principal place of business in Missouri. Wellpoint is an Indiana corporation with its principal place of business in Indiana.

## Analysis

For the reasons stated below, I find that Pace improperly named Healthlink

as the defendant in this case. The proper defendant for Pace's wrongful termination claim is his employer, Wellpoint, therefore, the parties are diverse and this Court has jurisdiction over this matter. I further find that because Pace's claim in this case derives from the same nucleus of operative facts as his claims in his previous case, his present claims are barred by res judicata.

### A. **Jurisdiction**

Pace argues that there is not complete diversity, since Healthlink and Pace are both citizens of Missouri. Federal courts have subject-matter jurisdiction over cases when the amount in controversy exceeds $75,000, but only if there is complete diversity of citizenship between the plaintiffs and the defendants. 28 U.S.C. § 1332. Typically, courts determine diversity with respect to the named plaintiffs and defendants in the case. *See Iowa Public Service Co. v. Medicine Bow Coal Co.*, 556 F.2d 400, 403-4 (8th Cir. 1977). However, under the doctrine of fraudulent joinder, a court may engage in a limited inquiry into the merits of the case if it appears that a party has named or joined a party solely for the purpose of defeating federal diversity jurisdiction. *Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003). If, after this inquiry, it appears that the non-diverse party was fraudulently joined, the citizenship of that party is excluded from a consideration of diversity jurisdiction. *Id.*; *see Associated Ins. Management Corp.*

*v. Arkansas General Agency, Inc.*, 149 F.3d 794 (8th Cir. 1998); *Sprint Spectrum L.P. v. AT&T Commc'n, Inc.*, No. 00-0973-CV-W-5, 2001 WL 36143293, at *4 (W.D.Mo. Feb. 8, 2001). "[J]oinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Id.* (quoting *Wiles v. Capitol Indemnity Corp.*, 280 F.3d 868, 871 (8th Cir.2002)).

In this case, Pace alleges that he was wrongfully discharged by Healthlink. In order to recover on this claim, he must prove that his employer discharged him in violation of a clear mandate of public policy. *Kelly v. Bass Pro Outdoor World*, 245 S.W.3d 841, 847 (Mo. Ct. App. 2007). The parties' submissions demonstrate without dispute that neither Pace nor his supervisors were employed by Healthlink at the time he was terminated. Healthlink and Wellpoint are independent companies and Pace was solely employed by Wellpoint for the ten months preceding his termination. Since Healthlink did not employ Pace, it could not have terminated him, wrongfully or otherwise. Pace has not provided a reasonable basis in fact or law to support his claim against Healthlink for wrongful discharge. As a result, Pace fraudulently joined Healthlink and its citizenship shall not be considered when determining whether this Court has proper subject matter jurisdiction. Instead, diversity shall be determined with respect to Pace and his actual employer, Wellpoint.

Pace is a citizen of Missouri and Wellpoint is a citizen of Indiana, therefore, the parties are completely diverse. In addition, in his complaint, Pace alleges $90,000 in damages. This exceeds the statutorily required amount of $75,000. As a result, this Court has subject-matter jurisdiction over this case.

### B. Res Judicata

In its motion to dismiss, defendant argues that Pace's claim is barred by res judicata. In determining whether res judicata applies the court asks: "(1) whether the prior judgment was rendered by a court of competent jurisdiction; (2) whether the prior judgment was a final judgment on the merits; and (3) whether the same cause of action and the same parties or their privies were involved in both cases." *Banks v. Int'l Union Electronic, Elec., Technical, Salaried and Machine Workers*, 390 F.3d 1049, 1052 (8th Cir. 2004).

Here, the parties do not dispute that a court of competent jurisdiction entered the prior judgment. In addition, the final judgment in Pace's earlier case was on the merits. In the earlier case, I dismissed Pace's case with prejudice under Federal Rule of Civil Procedure 37 for his failure to respond to, or obey, a court order. A dismissal for failing to comply with a court order presumptively "operates as an adjudication on the merits," unless the order states otherwise. Fed. R. Civ. P. 41(b); *Jaramillo v. Burkhart*, 59 F.3d 78, 79 (8th Cir. 1995) ("[A]

dismissal with prejudice operates as a rejection of the plaintiff's claims on the merits and res judicata precludes further litigation."); *Jiricko v. Moser and Marsalek, P.C.*, 184 F.R.D. 611, 613-16 (E.D.Mo. 1999). My order dismissing Pace's case did not specify that it was not on the merits and Pace has not rebutted the presumption that the dismissal was on the merits.[2]

Finally, the parties and the cause of action in this case are the same as those in Pace's earlier case. The doctrine of res judicata prohibits a party from re-litigating a cause of action on grounds that were raised or could have been raised in a prior suit. *Lane v. Peterson*, 899 F.2d 737, 741 (8th Cir.1990). A party's claim is barred "if it arises out of the same nucleus of operative facts as the prior claim." *Banks*, 390 F.3d at 1052. In Pace's previous case, the parties were Pace and Wellpoint and his claims were based on his October 2006 termination. In this case, the proper parties are again Pace and Wellpoint and his claims again arise

---

[2]In his opposition to defendant's motion to dismiss, Pace briefly argues that the dismissal of his prior case was not on the merits. To support this argument he states that, because it was Pace's attorney that ignored the Court's order, and not Pace himself, the court should not find the dismissal to be on the merits. This argument has been rejected by the Eighth Circuit in similar circumstances. *Inman v. Am. Home Furniture Placement, Inc.*, 120 F.3d 117, 118-19 (8th Cir. 1997) ("Litigants choose counsel at their peril. While it may seem harsh . . . any other result would punish [the opposing party] for the inaction of her opponents' lawyer. . . If they were . . . misled and victimized by their attorney, they have recourse in a malpractice action.") (internal citations omitted). In addition, Pace does not attack the appropriateness of the dismissal, or claim that it was an abuse of discretion. Absent an allegation that the previous dismissal was an abuse of discretion, res judicata bars re-litigation of a claim that was dismissed under Rule 37 or 41(b). *See Jaramillo v. Burkhart*, 59 F.3d 78, 79-80 (8th Cir. 1995); *Johnson v. LaSalle Bank Nat. Ass'n*, civil no. 08-5127, 2009 WL 3242020, at *18-19 (D. Minn. Sept. 30, 2009).

from his termination in October 2006. This time, however, instead of alleging that he was terminated because of his disability, he now alleges that he was terminated because he refused to engage in accounting abuses. Pace does not allege that his new claim is based on facts that occurred after the filing of his original claim. Instead, all of the events giving rise to his current claim had occurred at the time he filed his first suit against Wellpoint. Pace could have raised this claim during his first suit, as it is based on the same nucleus of operative facts as his previous claim. As a result, res judicata applies to prohibit Pace from re-litigating this claim.

## **CONCLUSION**

For the reasons stated above,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [#10] is **GRANTED**.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 11th day of December, 2009.